UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/22/2021
```

STEPHEN A. VOGEL,

        Plaintiff,

        v.

DAVID BORIS AND MARSHALL KIEV,

        Defendants.

Case No. 1:20-cv-09301 (VM)

~~[PROPOSED]~~ STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

**WHEREAS**, the Parties having agreed to the following terms of confidentiality and jointly moved this Court for entry, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

**ORDERED** that the following restrictions and procedures shall apply to the information and documents exchanged by the Parties in connection with the pre-trial phase of this Action:

    1.    This Order shall govern all documents, the information contained therein, and all other information produced or disclosed in the above-captioned Action, whether revealed in a document, deposition, or other testimony, discovery response or otherwise, by any Party or any third party to any Party when the same is designated using the procedures set forth herein.

    2.    This Order is binding upon the Parties, as well as their respective attorneys, agents, representatives, officers, employees, and others set forth in this Order.

    3.    Any Party to this litigation and any third party shall have the right to designate Confidential Information produced in connection with this proceeding as "Confidential" or "Confidential – ATTORNEYS' EYES ONLY" either by notation on the document; statement on the

record of the transcript, deposition or otherwise; written advice to the respective undersigned counsel for the Parties hereto; or by other appropriate means agreed to by the Parties in writing.

    4.    As used herein:

        a. "Action" shall mean the above-captioned Action, *Stephen A Vogel v. David Boris and Marshall Kiev*, No. 1:20-cv-09301 (VM).

        b. "Confidential Information" or "Confidential" shall mean all documents and testimony, all information contained therein, and any other material produced, given or exchanged by the Producing Party (as defined herein), containing trade secrets, proprietary business information, competitively sensitive information, Personally Identifying Information (as defined herein in paragraph 13), information that is subject to contractual confidentiality or non-disclosure provisions, or other information the disclosure of which would, in the good faith judgment of the Party designating the material as confidential, be detrimental to the conduct of the Party's business or the business of any of that Party's customers, partners, affiliates or clients.

        c. "Confidential – ATTORNEYS' EYES ONLY" shall mean all documents and testimony relating to a Party's commercially sensitive business information, which are designated as "Confidential – ATTORNEYS' EYES ONLY" by any Party or Producing Party, based on a good faith belief that the disclosure of such documents and testimony outside the attorneys' eyes only group referred to in paragraph 10 hereof, would create a substantial risk of injury to Parties or their representatives.

d. "Producing Party" shall mean a Party or non-party producing Confidential Information in connection with depositions, document production, or otherwise, or the Party asserting confidentiality, as the case may be.

e. "Receiving Party" shall mean a Party or non-party receiving Confidential Information in connection with depositions, document production or otherwise.

5. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with this Action.

6. In the case of documents, designation shall be made by notifying all counsel in writing of those documents which are to be stamped and treated as such at any time up to fifteen (15) days after actual receipt of copies of those documents by counsel for the Party designating the documents as "Confidential" or "Confidential – ATTORNEYS' EYES ONLY." In the case of deposition testimony, designation shall be made by notifying all counsel in writing of those portions which are to be stamped or otherwise treated as such at any time up to fifteen (15) days after the transcript is received by counsel for the Party designating the documents as "Confidential" or "Confidential – ATTORNEYS' EYES ONLY." Prior to the expiration of such fifteen (15) day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all such documents and testimony shall be treated as Confidential Information. Thereafter, within fifteen (15) days of notification, the Producing Party shall mark the designated documents in accordance with the designated Party's designations, unless the Producing Party challenges such designations.

7. In the event a Party challenges another Party's designation of "Confidential" or "Confidential – ATTORNEYS' EYES ONLY," the Parties shall abide by the following procedures:

a. If a Party has designated any information, document, or thing, or portion of any document or thing as "Confidential" or "Confidential – ATTORNEYS' EYES ONLY,"

3

the non-designating Party shall have fourteen (14) days from the receipt of such designation to object to such designation. Any such objection must set forth in reasonable detail the grounds on which it is based.

b. Upon receipt of any such objection, the non-designating Party shall meet and confer with the designating Party within seven days of the written objection and attempt to resolve the dispute by agreement.

c. If the Parties are unable to resolve the dispute, within fourteen (14) days, the non-designating Party may seek resolution by the Court.

d. If the Court finds good cause for the application of any such condition, then the Parties shall treat such information as "Confidential" or "Confidential – ATTORNEYS' EYES ONLY" in accordance with the terms and provisions of this Order, including the disclosure requirements and limitations as set forth in paragraphs 9 and 10 herein.

8. Nothing in this Protective Order constitutes an admission by any Party that "Confidential" or "Confidential – ATTORNEYS EYES ONLY" information disclosed in this case is relevant or admissible. Each Party reserves the right to object to the use or admissibility of the Confidential Information.

9. Documents designated as "Confidential" shall not be disclosed to any person, except:

a. The Parties to this Action;

b. Counsel, including both in-house and Outside Counsel (herein defined as any attorney outside the Parties' respective internal legal departments);

    c. Employees of such counsel assigned to and necessary to assist in the litigation, including but not limited to secretarial, paralegal, clerical, duplicating and data processing personnel;

    d. The Parties' respective outside vendors and service providers, including electronic discovery vendors, court reporters, and litigation support personnel;

    e. As to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

    f. The Court and court personnel;

    g. Any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

    h. Any witness whose counsel in good faith believes may be called to testify at trial or deposition in this Action;

    i. Any deponent at a deposition who counsel for a Party is deposing; and

    j. Outside consultants or experts assisting in the prosecution or defense of this Action to the extent deemed necessary by counsel and provided that each individual expert and individual doing work on behalf of such expert has signed a Non-Disclosure Agreement in the form attached hereto as Exhibit A.

10. Documents designated as "Confidential – ATTORNEYS' EYES ONLY" shall not be disclosed to any person, except:

    a. Outside counsel to the Parties to this Action and their associated attorneys, paralegals, and other professional personnel (including support staff) who are directly assisting such counsel in the preparing of this Action for trial or other

proceeding herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder; and

b. Persons or entities enumerated in paragraphs 9(b)-(g) and (j) hereof.

11. The disclosure of a document or information without designating it as "Confidential" or "Confidential – ATTORNEYS' EYES ONLY" shall not constitute a waiver of the right to designate such document or information as Confidential Information or "Confidential – ATTORNEYS' EYES ONLY." If so designated, the document or information shall thenceforth be treated as Confidential Information or "Confidential – ATTORNEYS' EYES ONLY" subject to all the terms of this Stipulation and Order.

12. If a Party wishes to disclose information that is "Confidential" to one or more persons not permitted to receive it under the terms of this Order, it may approach the other Party and seek its consent to do so. If the Party agrees, then the Parties may enter into a written stipulation so providing without needing to submit the stipulation to the Court. If the Parties are unable to agree, the Party seeking to make disclosure may seek relief from the Court.

13. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the Receiving Party in a manner that is secure and Confidential and shared only with authorized individuals in a secure manner. Any Receiving Party that wishes to use produced PII in a public filing shall redact such information in accordance with Federal Rule of Civil Procedure 5.2. The Producing Party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the Party who received PII experiences a data breach, it shall immediately notify the Producing Party of the breach and cooperate with the Producing Party to address and remedy the breach. Nothing herein shall preclude the Producing Party from

asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the Receiving Party's failure to appropriately protect PII from unauthorized disclosure.

14. When the inadvertent or mistaken disclosure to the Receiving Party of any information, document or thing protected by attorney-client privilege, work-product, or any other privilege or immunity is discovered by the Producing Party and brought to the attention of the Receiving Party, the Receiving Party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Such inadvertent or mistaken disclosure of such information, document or thing shall not by itself constitute a waiver by the Producing Party of any claims of attorney-client privilege, work-product, or any other privilege or immunity. However, nothing herein restricts the right of the Receiving Party to challenge the Producing Party's claim of privilege or immunity if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure. The Parties shall follow the procedures as set forth in paragraph 7(a)-(c) herein. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents or electronically stored information ("ESI") (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

15. Notwithstanding the designation of information as "Confidential" or "Confidential – ATTORNEYS' EYES ONLY" in discovery, there is no presumption that such information shall be filed with the Court under seal. The Parties shall follow the Court's procedures with respect to filing under seal.

16. Any Party who requests additional limits on disclosure may at any time before the trial of this Action serve upon counsel for the Receiving Party a written notice stating with

particularity the grounds of the request. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court.

17. This Order shall not deprive any Party of its right to object to discovery by any other Party or on any otherwise permitted ground. This Order is being entered without prejudice to the right of any Party to move the Court for modification or relief from any of its terms.

18. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the Producing Party or certified as destroyed, except that the Parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

19. Nothing herein shall preclude the Parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena. In such case, the Party subject to such legal process or subpoena shall (1) provide reasonable notice to the other Party that its Confidential Information may be produced and (2) provide the other Party a reasonable opportunity to intervene and object to the production of its Confidential Information.

20. This Order will survive the termination of the litigation and will continue to be binding upon all persons subject to this Order to whom Confidential Information is produced or disclosed.

21. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO STIPULATED AND AGREED.**

Dated: New York, New York
October 20, 2021

SCHINDLER COHEN & HOCHMAN LLP

By: _____
Jonathan L. Hochman
Katherine Wilson-Milne

100 Wall Street, 15th Floor
New York, NY 10005
Tel: (212) 277-6330
Fax: (212) 277-6333
jhochman@schlaw.com
kwilson-milne@schlaw.com

*Attorneys for Defendants DAVID BORIS and MARSHALL KIEV*

CHAPMAN AND CUTLER LLP

By  /s/ Eric S. Silvestri
Eric S. Silvestri

111 West Monroe Street
Chicago, Illinois 60603-4080
(312) 845-3000

*Attorneys for Stephen Vogel*

**SO ORDERED**:

_____
Victor Marrero
U.S.D.J.

Dated: New York, New York
October 22, 2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEPHEN A. VOGEL,<br><br>                Plaintiff,<br><br>      v.<br><br>DAVID BORIS AND MARSHALL KIEV,<br><br>                Defendants. | Case No. 1:20-cv-09301 (VM)<br><br>**EXHIBIT A**<br><br>**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY NON-DISCLOSURE AGREEMENT** |

I, _____ [print or type full name], of _____ [print or type full address, email address, and telephone number], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Southern District of New York on _____[date] in *Stephen A. Vogel v. David Boris and Marshall Kiev*, No. 1:20-cv-09301.

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Southern District of New York for enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this Action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____